**EXHIBIT "1.a"**

# STIPULATION AND SETTLEMENT AGREEMENT

## "Agreement"

THIS AGREEMENT is entered into on this 22nd day of May, 2015, by and between the following parties (hereinafter referred to as "the Parties"):

CLAIMANTS:
Bradley Christopher Stark ("STARK")
Social Security Number: xxx-xx-1586
State Route 716, Ashland, KY 41105

Shawn Michael Rideout ("RIDEOUT")
Social Security Number: xxx-xx-0428
State Route 716, Ashland, KY 41105

AND

RESPONDENTS:
UNITED STATES OF AMERICA ("UNITED STATES")

BY: LORETTA LYNCH. ("ATTORNEY GENERAL")
ATTORNEY GENERAL OF THE UNITED STATES
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001

NOW THEREFORE, the Parties hereto, based upon and in consideration of the mutual premises, covenants, and stipulations therein, by their signatures to this Agreement, do stipulate and agree as follows:

1. **STIPULATION OF THE PARTIES**

    1.1  The Parties entered into a contractual arrangement titled as a Conditional Acceptance for Value for Proof of Claim, Item No. 917092-B1/USAG (hereinafter "the Contract"), as modified and amended, on March 4, 2014.

USA _____   STARK    RIDEOUT 

Page 1 of 14

1.2 Under the terms of the Contract the UNITED STATES, its Officers, Employees, Agents, et al., did stipulate, admit, and agree to the following general summary of fundamental, structural and procedural prejudicial errors as to STARK in the judicial actions of *UNITED STATES OF AMERICA v. BRADLEY C STARK*, No. 3:08-cr-00258-M-1 (N.D. Tex. 2008), 5th Cir. No. 12-10247 (5th Cir. 2012); *UNITED STATES OF AMERICA v. BRADLEY C STARK*, No. 1:02-cr-01006-ARR-1 (E.D.N.Y. 2002); and RIDEOUT in the judicial action of *UNITED STATES OF AMERICA v. SHAWN M. RIDEOUT*, No. 1:08-cr-00332-DAP-1 (N.D. Ohio 2008), to wit:

1.2.1 Failure to substantiate the validity and accuracy of its indictment(s), arrest warrant(s), or otherwise;

1.2.2 Failure to produce (duly sanctioned) public/private Delegation of Authority, or otherwise;

1.2.3 Failure to produce duly signed and witnessed constitutional "Oath(s) of Office;"

1.2.4 Failure to produce any contract(s) or agreements bearing the bona fide signatures or acceptances including those of STARK and/or RIDEOUT;

1.2.5 Failure to produce constitutional authority of UNITED STATES to act against STARK and RIDEOUT;

1.2.6 Failure to produce bases upon which any claim operates upon STARK and RIDEOUT;

1.2.7 Failure to operate with "good faith," "clean hands," and "fair business dealings;"

1.2.8 Failure to provide "full disclosure" at all times;

1.2.9 Failure to conduct the commercial-criminal cases under the principles of the American Jurisprudence and Law;

1.2.10 Failure to act in a manner so as not to cheat, hinder, delay, or defraud STARK and RIDEOUT in any manner;

1.2.11 Failure to act in a manner so as not to threaten, coerce, and place duress upon STARK and RIDEOUT in violation of their rights under color of law;

USA  STARK RIDEOUT
Page 2 of 14

1.2.12 Failure to prove that the investigations and gathering of evidence against STARK and RIDEOUT met the constitutional standards of due process, and failed to establish all the necessary elements required to be proven beyond a reasonable doubt as to the violations of statutes under the United States Code at titles 15 and 18;

1.2.13 Failure to provide the requested and necessary Proofs of Claim under Contract; and

1.2.14 Failure to reject any offer and contest acceptance and agreement of the Contract in any manner, according to its terms.

1.3 The UNITED STATES further admits, agrees, and unconditionally stipulates:

1.3.1 That in this instant matter, and all matters related hereto, that the UNITED STATES did commit: fraudulent concealment; denial of substantive and procedural due process; denial of due process of law, a mutual conspiracy to engage in a scheme of unjust enrichment; violations as to the protections secured and afforded to STARK and RIDEOUT under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth articles in amendment to the Constitution of the United States of America; violations of Article 6 of the American Convention on Human Rights; violations of Sections 241 and 242 of title 18 of the United States Code;

1.3.2 That STARK and RIDEOUT have been unlawfully arrested, indicted, convicted, adjudged, sentenced, and imprisoned in violation of: the Constitution of the United States of America; the Laws of the United States; and/or any Act of Congress;

1.3.3 That STARK and RIDEOUT are entitled to the issuance of the writ of habeas corpus (or any and all required or necessary writs) setting them at liberty immediately and without delay;

1.3.4 That STARK and RIDEOUT are entitled to immediate release from custody and confinement under a Personal Recognizance Bond;

1.3.5 That STARK is entitled to immediate payment of the actual damages set forth below by the UNITED STATES through the Judgment Fund Internet Claim System ("JFICS");

1.3.6 That STARK and RIDEOUT have exhausted all contractual administrative remedies required and necessary to enforce all claims, modes of redress, under the Contract and that STARK and RIDEOUT are entitled to all relief sought thereunder and thereto;

USA _____ STARK  RIDEOUT 
Page 3 of 14

1.3.7 That STARK and RIDEOUT are entitled to all relief as established herein and hereto;

1.3.8 That the UNITED STATES is bound by the Contract; the facts established in the Administrative Judgment on the Contract; the final and binding Award of the Arbitrator on the Contract; the 23 January 2015 Notice of offer of Settlement on Arbitration Award 917092-B1/USAG 9 June 2014 ("Sub-Contract"), and that all the foregoing contracts and agreements are incorporated in this agreement.

1.3.9 That STARK and/or his retained counsel is duly authorized and empowered pursuant to a lawfully executed and enforceable irrevocable Special Power of Attorney Coupled with Interest appointing him/them as the lawful designee and authorized agent of the Office of the United States Attorney General, to sign and initial for, initiate, execute, prosecute, settle, et al., all claims and litigation as related and confined to the resolution and enforcement of these matters, the Contract, the Award of the Arbitrator, the Sub-Contract, and any/all matters related to the commercial-criminal actions noted herein, and no other matters. Said Irrevocable Special Power of Attorney Coupled with Interest is on file in the public record on the docket of the Clerk of the Court of the United States District Court for the District of Columbia under *BRADLEY CHRISTOPHER STARK, et al. v. ERIC H. HOLDER, JR., et al.*, No. 1:15-cv-00202-ABJ (D.D.C. Mar. 9, 2015), Document 4, Pages 25-27; and

1.3.10 That the subject matter of this Agreement involves commerce as applicable under the federal statues in titles 15 and 18 of the United States Code and the Federal Arbitration Act ("FAA") [9 U.S.C. §§ 1-16].

1.4 A dispute arose on the performance of obligations under the Contract on or about March 14, 2014, invoking the arbitration provision of the Contract for alternative dispute resolution pursuant to the FAA.

1.5 An arbitrator was selected, appointed, and agreed upon by the Parties according to the terms of the arbitration agreement set forth in the Contract.

1.6 A final, binding, and unappealable award (referred to herein as "the Award") was made by the arbitrator on June 9, 2014, and was delivered to the UNITED STATES on June 14, 2014, and to STARK on June 18, 2014, by certified United States mail.

1.7 The Parties stipulate and agree that the United States District Court for the District of Columbia (hereinafter "the Court") has subject matter jurisdiction to confirm the Award under the FAA, and that the Parties voluntarily agree and consent to the Court exercising jurisdiction over their persons.



USA _625:A4_  STARK  RIDEOUT

Page 4 of 14

2. **OBLIGATIONS AND RESPONSIBILITIES OF STARK AND RIDEOUT**

   2.1  STARK agrees to waive the awarded remedy of punitive damages under point 8 of the Award;

   2.2  STARK and RIDEOUT agree to having any and all District Court proceedings relating to the confirmation and entry of the judgment on the award and this agreement, with the exception of the actual judgment(s), to be SEALED and UNPUBLISHED, in the interest of justice;

   2.3  STARK and RIDEOUT consent and agree to cease and desist from all discussions; assistance; preparations; in whatever manner and form relating to arbitration of federal criminal statutes, processes, and procedures for any other persons, entities, corporations, partnerships, trusts, etc., and/or their representatives, executives, heirs, assigns, and trustees, upon the signature and execution of the Agreement; with the exception of any and all matters relating to STARK and RIDEOUT, and their immediate family, heirs, assigns, attorneys, agents, trustees, executors, and beneficiaries, in addition to the individuals named in the annexed exemption list attached hereto as Exhibit "A." STARK shall seek written approval and certification from the Attorney General or his/her designee for permission to add any persons, corporations, entities, or the like that are not exempted under the authority of this provision to the exemption list in accordance with any regulations that may be established and agreed upon between the Parties to this Agreement.

   2.4  That any person; entity, corporation; etc. listed on the exemption list referenced hereinabove, receiving any assistance from STARK and/or RIDEOUT from the date this document is signed by all parties forward, on any matter involving arbitration of criminal matters in the federal venue, not be permitted to recover an amount greater than the maximum allowable amount of $50,000 to $100,000 per year on any award establishing an unlawful conviction and imprisonment against the UNITED STATES. This provision shall not apply to any other awards of arbitrators involving criminal matters in the federal venue made prior to the date this document is signed by the Parties, nor shall it apply to any award of an arbitrator made pursuant to the dispute resolution provision of this Agreement.

   2.5  STARK and RIDEOUT agree to waive any and all claims of liability, in both their official and personal capacity, as to Loretta Lynch; Eric H. Holder, Jr.; Richard B. Roper; James T. Jacks; Sarah R. Saldana; Paul Lee Yanowitch; Christopher Stokes; Laura Schlier; Ronald Loecker; and Timothy Neylan, as to the Award and/or any proceedings relating to any criminal, civil, or administrative actions emanating from or ancillary to these matters. Nothing in this provision shall be construed to impair the UNITED STATES from instituting any such actions as it deems just and proper against the named parties under this provision,

 

with the exception of STARK and RIDEOUT, in the event of any breach of this Agreement.

2.6 RIDEOUT agrees to waive any and all claims of monetary liability against the UNITED STATES; its officers; employees; agents; and representatives, in any and all related or ancillary proceedings that may emanate from the criminal action and execution of sentence against him, and that the stipulations and obligations of the UNITED STATES established herein, and the judgment entered and enforced as to this Agreement shall be a complete and satisfactory resolution and settlement as to the criminal case against RIDEOUT.

3. **OBLIGATIONS AND RESPONSIBILITIES OF THE UNITED STATES**

3.1 The UNITED STATES agrees to the inclusion of Shawn Michael Rideout, and all information and matters related to the criminal case instituted against him as referenced herein, in the Contract and the Award, *nunc pro tunc*, as of November 11, 2009, and continuing forward throughout the entirety of these matters in perpetuity.

3.2 The UNITED STATES agrees to the inclusion of Shawn Michael Rideout in the entry of any judgment(s) to be entered on these matters, and any and all matters related therefrom and hereto, at all times, from inception to final conclusion.

3.3 The UNITED STATES agrees to fully indemnify and immunize STARK and RIDEOUT from any further legal or administrative action, prosecution, etc. (civil, criminal, or otherwise) conducted and/or instituted by the UNITED STATES, any State, Territory, or Possession of the United States of America.

3.4 The UNITED STATES agrees to summary proceedings and issuance of a consent award of the arbitrator under this Agreement, and to the confirmation and entry of judgment thereon by the court(s) named in the arbitration agreement for the purpose of enforcement.

3.5 The UNITED STATES agrees that the Irrevocable Special Power of Attorney Coupled with Interest document noted hereinabove at Article 1.3.9. is a lawful document that properly appoints the named Agent therein under Special Power of Attorney to bind the UNITED STATES in any legal and lawful manner for resolution of any and all claims and litigation under this Agreement, the Contract, the Award and any matters related thereto, and the UNITED STATES does hereby consent to be so bound as to those matters mentioned and no others.

3.6 The UNITED STATES further agrees to comply with, and to not contest, the issuance of any and all necessary or required writs and/or injunctions by the Court in aid of its jurisdiction to enforce any and all provisions, remedies, arbitration proceedings, pre-award rulings, awards, or judgments, emanating from this Agreement and any matters related hereto.



3.7  The UNITED STATES consents to the agreed upon procedures established in this Agreement for proper resolution and enforcement of remedies hereunder.

3.8  The UNITED STATES agrees to the enforceability of, and to comply with, all provisions of the Award as to STARK with the exception of point 8 thereto, regarding punitive damages; and as to RIDEOUT with the exception that no monetary award shall be due and owing to RIDEOUT by the UNITED STATES for any claim of damages established under the Award or otherwise, and embodied within the judgment of the Court thereon.

4. **SCOPE OF AGREEMENT**

   4.1  Resolution and Settlement. The Parties agree that this Agreement and the terms of the proposed Judgment, as set out below, constitute a full and fair settlement of all claims raised in this matter and that could be raised in this matter and should be entered as the judgment in this matter by the Court. The Judgment is intended to and will extinguish all claims that exist or that may exist between the Parties to it, known or unknown, as of the date this Agreement is signed.

   4.2  Binding on Others. The Parties further agree that all officers, agents, employees, directors, contractors, etc., who act on behalf of the Parties with respect to this Agreement are to be bound by the requirements of this Agreement and any awards or judgments made pursuant thereto and that, upon request of either party, the other will provide evidence of such requirements to the other party.

   4.3  Injunctive Relief. In the event of the actual or threatened breach of any of the provisions of this Agreement either party, in addition to all other rights, shall be entitled to an injunction restraining either party (or such party's agent). Nothing herein shall be construed as prohibiting either party from pursuing any other available remedy for such breach or threatened breach, including recovery of damages and attorney's fees from the other party. This provision shall remain in full force and effect in the event that one party should claim that the other party violated any of the terms of this Agreement.

5. **DISPUTE RESOLUTION**

   5.1  Dispute. As used herein, "Dispute" shall include any claim or controversy arising out of this Agreement or the breach, termination or validity thereof, involving either of the parties or their affiliates and the officers, directors, employees, contractors or agents thereof, including any claims or controversies which could otherwise be submitted to a court of competent jurisdiction.

   5.2  Negotiation. The Parties will attempt to resolve, in good faith, any Dispute which arises in connection with this Agreement by negotiations. If any Dispute cannot be resolved through negotiations, the parties agree that any such Dispute shall be resolved as specified below.

USA _Ge:MA_  STARK   RIDEOUT
Page 7 of 14

## 6. ARBITRATION

6.1 <u>Agreement to Arbitrate Dispute</u>. If the Parties cannot resolve a Dispute through negotiations, the Parties agree and consent to submit any and all Disputes, which could otherwise be submitted to a court of competent jurisdiction, to arbitration. The Parties agree that Joseph Sanzone of Sanzone & Baker, LLP, located in Lynchburg, Virginia, shall be the designated and selected arbitrator. In the event Joseph Sanzone becomes ineligible or declines to act as the arbitrator, the Parties agree to the selection of an arbitrator meeting all qualifications of a neutral by STARK and RIDEOUT or their representatives, and any alternate arbitrator selected shall be acceptable unless specifically challenged by the UNITED STATES in writing within five calendar days of notice of selection. In the event of any challenge to the selection of an alternate arbitrator by STARK and RIDEOUT or their representatives, a petition to select an arbitrator shall be made in the United States District Court for the District of Columbia and said Court shall thereupon appoint an arbitrator to resolve any Disputes under this Agreement. Arbitration hereunder shall be the Parties' exclusive remedy, and the arbitrator is empowered under this Agreement to make any or all necessary and appropriate order(s), pre-award ruling(s), and award(s) granting both legal and equitable relief to enforce the terms and obligations of this Agreement, including all matters relating hereto and arising therefrom. In the event of any conflict of laws or rules for arbitration of this Agreement, the provisions of this Agreement shall govern.

6.2 <u>Place of Arbitration</u>. Arbitration proceedings shall be conducted at a place and time to be designated by the arbitrator for the expedient resolution of any Dispute.

6.3 <u>Proceedings</u>. All proceedings shall be conducted in the English language. All arbitration proceedings, including all evidence and statements, shall be confidential and shall not be used or disclosed for other purposes. Arbitration proceedings shall be conducted according to the Federal Arbitration Act and the Revised Uniform Arbitration Act as codified in the D.C. Code. Any conflicts of law as to the proceedings shall be resolved in favor of the FAA.

6.4 <u>Governing Law</u>. All Disputes shall be decided in accordance with the governing law provisions set forth in this Agreement.

6.5 <u>Final Award</u>. The arbitrator shall be empowered to resolve all Disputes, whether in contract, equity, law, or in tort, and to award any remedies authorized by this Agreement and any applicable statute or common law. The award shall be deemed a United States award. The award of the arbitrator shall be final and binding and is the sole and exclusive remedy of the parties regarding any Disputes hereunder and shall be deemed a decision on the merits precluding all claims and issues under the doctrines of *res judicata* and *collateral estoppel*.

6.6 <u>Payment of Award</u>. Any cash award shall be payable in United States dollars through the Judgment Fund at the Financial Management Service of the United States Treasury or through any bank in the United States. The award shall be

USA _[initials]_        STARK         RIDEOUT _[initials]_

determined, to the extent necessary, on the basis of the calculations and terms agreed upon in the Conditional Acceptance for Value, Item No. 917092-B1/USAG Contract, as amended, and determined from the date of August 20, 2008, forward. The award shall earn interest from the date of the award until satisfied in full at the United States, at the prime interest rate as reported in the Eastern Edition of the Wall Street Journal on the business day immediately preceding the date of the award.

6.7 Enforcement. The award shall be final and enforceable and may be confirmed by the judgment of the United States District Courts for the District of Columbia; the Northern District of Ohio; the Northern District of Texas; and the Supreme Court of the United States, or any other court of competent jurisdiction. If the prevailing party is required to initiate proceedings to enforce the award or to confirm the award, the prevailing party shall be entitled to recover its/their costs and attorney's fees associated with such action. Any and all writs required and/or necessary may be issued by any of the named courts under this provision so as to enforce any equitable and legal remedies under the Agreement and/or the award of the Arbitrator, or any matters relating thereto and arising therefrom.

6.8 Expenses. Except as provided in the severability provision of this Agreement, each party shall pay its own attorneys' fees and expenses; all other expenses of arbitration shall be paid by the non-prevailing party; provided, however, the arbitrator shall have the authority to assess any of the foregoing costs against any party acting in bad faith.

6.9 Other Legal Action. If either party brings any legal action by any method other than arbitration against the other with respect to any Dispute required to be arbitrated under this Agreement, the other party shall be entitled to recover from such party all damages, costs, expenses and attorney's fees incurred as a result of such action.

6.10 Other Injunctive Relief. Notwithstanding any of the foregoing provisions, nothing contained in this Agreement shall prohibit either party from seeking injunctive relief or other equitable remedies in any court named herein or having jurisdiction thereof and each party consents to such jurisdiction. Jurisdiction for all actions shall be in the United States District Court for the District of Columbia and/or the Supreme Court of the United States or any individual Justice thereof, notwithstanding the provisions of Article 6.7.

## 7. MISCELLANEOUS

7.1 Force Majeure. The Parties will exercise every reasonable effort to comply with all agreements, provisions, rights, terms and obligations of this Agreement and any awards, rulings, or judgments made thereunder by the arbitrator and/or any court having jurisdiction thereof. The Parties shall not, however, be liable for any loss or damage, including consequential damages, resulting from any cause beyond their reasonable control, such as, but not limited to, compliance with

government laws and regulations, acts of God, acts of civil or military authority, or the outbreak of any wars or riots.

7.2 <u>No Waiver of Rights</u>. A failure by one of the Parties to this Agreement to assert its rights for or upon any breach of this Agreement shall not be deemed a waiver of such rights, nor shall any waiver be implied from the acceptance of any payment or other relief. No waiver in writing by one of the Parties hereto, with respect to any right, shall extend to or affect any subsequent breach, either of like or different kind, or impair any right consequent thereon.

7.3 <u>Terms of Acceptance</u>. This Agreement may be accepted and agreed to by the Parties, their duly authorized and empowered agents according to Article 1.3.9., or, in the event that 72 hours have elapsed from the time of receipt by certified mail or express courier, a party's silence and inaction shall be deemed an affirmative act of acceptance and agreement to be bound to the terms and conditions of this Agreement and shall further act as ratification thereto.

7.4 <u>Entire Agreement</u>. This Agreement and its Attachments constitute the entire Agreement between STARK; RIDEOUT; and the UNITED STATES and supersedes any prior or contemporaneous agreements unless otherwise incorporated herein between STARK; RIDEOUT; and the UNITED STATES, whether written or oral.

7.5 <u>Amendments</u>. No agreement varying or extending the terms of this Agreement shall be binding on either party unless covered by an addendum signed by an authorized representative of the Parties.

7.6 <u>Non-Assignable</u>. This Agreement shall not be assignable or transferable by either party in whole or in part without the written consent of the other, except to a person or entity controlled by the transferring party and that person or entity executes a copy of this Agreement.

7.7 <u>Notices and Other Information</u>.

    7.7.1 <u>Notices</u>. All notices given pursuant to this Agreement shall be in the English language. Notices shall be deemed effective on the day they are dispatched by certified United States mail or express courier requiring signature on receipt to the other party at the address stated herein as follows:

United States of America
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530-0001

Bradley Christopher Stark &
Shawn Michael Rideout
In care of: Mark Castillo, Esq.
CURTIS|CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202

USA _BCS:AM_      STARK       RIDEOUT _SR_
Page 10 of 14

7.8 Severability of Provisions. The invalidity under applicable law, regulations, or other governmental restrictions or prohibitions of any provisions of this Agreement shall not affect the validity of any other provisions of this Agreement, and in the event that any provision hereof is determined to be invalid or otherwise illegal, this Agreement shall remain effective and shall be construed in accordance with its terms as if the invalid or illegal provision were not contained herein.

7.9 Governing Law. This Agreement shall be governed and construed according to the laws of the District of Columbia and the United States of America as it relates to contracts and common law interpretations, as well as statutory interpretations, without regard to any principles or conflicts of law. Any disputes that arise under this Agreement shall be resolved by arbitration.

7.10 Effective Date. This Agreement shall become effective as of the date executed by STARK and RIDEOUT ("Effective Date").

7.11 Gender. As used herein, the singular shall include the plural and the plural may refer to the singular. The use of any gender shall be applicable to all genders.

7.12 No Third-Party Benefit. Nothing herein, expressed or implied, is intended or shall be construed to confer upon or give to any person, firm, corporation, government, department, or the like, other than the Parties hereto, a remedy or claim by reason of this Agreement or any term, covenant or condition hereof, all of which shall be for the sole and exclusive benefit of the Parties hereto.

7.13 Survival. All provisions of that would naturally survive the expiration or termination of this Agreement shall survive the expiration or termination of this Agreement.

7.14 Headings. The headings as to contents of particular sections are inserted only for convenience and shall not be construed as part of this Agreement or as a limitation on the scope or terms or revisions of this Agreement.

7.15 No Dolus. No representations or promises of any kind, other than as contained in this Agreement have been made by STARK and/or RIDEOUT or their representatives to induce the UNITED STATES to enter this Agreement or to consent to the entry of the award and/or the Judgment.

7.16 Law and Facts. The Parties agree to waive the entry of findings of fact and conclusions of law under Rule 58 of the Federal Rules of Civil Procedure.

8. **PROCEDURE ON AWARD AND JUDGMENT REMEDIES**

8.1 All Necessary Writs. The Parties consent and jointly agree to the petition and issuance of any and all necessary and required writs to enforce the terms of this Agreement, the proposed award, and the judgment. Said writs may include, but are not limited in any way to: Injunction; Habeas Corpus ad Testificandum; Habeas Corpus ad Subjiciendum; Coram Nobis; Audita Querela; Expungement; Prohibition; Mandamus; etc. The arbitrator or any party to this Agreement or



USA _Bog:ArA_   STARK   RIDEOUT
Page 11 of 14

their representatives may petition the court having jurisdiction of this matter for any necessary writ(s), or the court may sua sponte issue any necessary writ(s) in aid of its jurisdiction required to enforce any provision of this Agreement; to ensure the rights of any party to the arbitration proceeding and for the enforcement of any pre-award rulings; to enforce any equitable or legal remedy awarded in the final award of the arbitrator and/or the confirmation and Judgment of the court thereto or a Judgment entered under the provisions of this Agreement.

8.2  Proposed Judgment. The Parties agree that the terms of the proposed Judgment, as set out below, constitute a full and fair settlement of all claims and issues raised in this matter and all matters related thereto and that could be raised in this matter and all matters related thereto and should be entered as the Judgment in this matter by the Court. This Judgment is intended to and will extinguish all claims and issues that may exist between the parties to it, known or unknown, as of the date that this Agreement is signed by the Parties.

9. **TERMS OF PROPOSED JUDGMENT**

9.1  WHEREAS, the Court, after duly considering the Stipulation and Settlement Agreement and having been satisfied of its jurisdiction of the parties thereto, does hereby FIND, ADJUDGE and DECREE that substantial proof and evidence exists or may exist establishing that Bradley Christopher Stark [*BRADLEY CHRISTOPHER STARK; BRADLEY C STARK*] and Shawn Michael Rideout [*SHAWN MICHAEL RIDEOUT; SHAWN M. RIDEOUT*] have been unlawfully convicted and sentenced to a term of imprisonment in violation of the Constitution of the United States of America; the Laws of the United States or any Act of Congress; and does issue the following ORDERS for relief:

9.2  It is ORDERED that the writ of habeas corpus ad subjiciendum be issued as to both BRADLEY C STARK and SHAWN M. RIDEOUT, individually, and that they are further ORDERED to be released from custody and confinement of the UNITED STATES OF AMERICA; the U.S. DEPARTMENT OF JUSTICE, Office of the Attorney General, Loretta Lynch; the FEDERAL BUREAU OF PRISONS; or any other penal or correctional facility immediately and set at large on their own recognizance to attend any required appearances before the Court no later than three (3) days from the date of this JUDGMENT;

9.3  It is ORDERED that the writ of coram nobis be issued and the judgment of conviction and sentence under *UNITED STATES OF AMERICA v. BRADLEY C STARK*, No. 3:08-cr-00258-M-1 (N.D. Tex. 2012), be vacated and set aside; and further ORDERS that the indictment be DISMISSED WITH PREJUDICE as being VOID ab initio;

9.4  It is ORDERED that the writ of coram nobis be issued and the judgment of conviction and sentence under *UNITED STATES OF AMERICA v. BRADLEY C STARK*, No. 1:02-cr-01006-ARR-1 (E.D.N.Y. 2002), be vacated and set aside; and further ORDERS that the indictment be DISMISSED WITH PREJUDICE as being VOID ab initio;

USA _BCS:AOA_    STARK     RIDEOUT

9.5 It is ORDERED that the writ of coram nobis be issued and the judgment of conviction and sentence under *UNITED STATES OF AMERICA v. SHAWN M. RIDEOUT*, No. 1:08-cr-00332-DAP-1 (N.D. Ohio 2008), be vacated and set aside; and further ORDERS that the indictment be DISMISSED WITH PREJUDICE as being VOID ab initio;

9.6 It is ORDERED that the UNITED STATES OF AMERICA; its officers; agents; employees; contractors; and the like, are hereby permanently enjoined and restrained from instituting any further attempts at arrest; detainment; restraint of liberty; prosecution; incarceration and imprisonment in any manner whatsoever against BRADLEY C STARK and SHAWN M. RIDEOUT, as related to these matters; the criminal cases noted in this JUDGMENT; and any other criminal; civil; or administrative matters with respect to the UNITED STATES; any State; Territory; or Possession of the United States of America;

9.7 It is ORDERED that BRADLEY C STARK and SHAWN M. RIDEOUT recover from the UNITED STATES OF AMERICA all property seized; confiscated; forfeited; taken; or however obtained by any Department; Agency; Bureau; or any other government entity or contracted party thereto and wherever situated within sixty (60) days from the date of this JUDGMENT; and it is further ORDERED that any and all such property be returned untampered with and free from any alteration thereto as is reasonable, notwithstanding any minor alterations caused by the investigative actions as to such property in the past, excepting that if said property is damaged or cannot otherwise be returned, payment in the fair market value of the product in addition to loss of any intellectual property contained therein shall be made as just compensation by the UNITED STATES OF AMERICA;

9.8 It is ORDERED that all designations; classifications; records; system of records; publications; postings; library catalogs; investigation files; Criminal Justice Information System files and records; and the like, in their entirety that reference BRADLEY C STARK and SHAWN M. RIDEOUT, and any/all spellings and derivations of said names, including, but not limited to any numerical and alphanumerical assignments thereto, be expunged within sixty (60) days from the date of this JUDGMENT as relating to all matters directly or indirectly

9.9 It is ORDERED that BRADLEY C STARK recover from the UNITED STATES OF AMERICA and the U.S. DEPARTMENT OF JUSTICE, the principle sum of $3,296,347,823 in actual damages, to include an additional $1,565,217.39 per day of continued unlawful incarceration and imprisonment after the receipt of the Award of the arbitrator on June 14, 2014, and said payment is due and payable in full immediately through the Judgment Fund of the Financial Management Service, using the Judgment Fund Internet Claim System ("JFICS") to the client trust fund account of CURTIS|CASTILLO PC on behalf of BRADLEY C STARK; and

USA ___  STARK   RIDEOUT ___

Page 13 of 14

9.10 It is ORDERED that the arbitrator, KATRINA G. HAWKINS, be paid $500 for costs and fees of conducting the arbitration, immediately upon receipt of the funds awarded in this JUDGMENT, by CURTIS|CASTILLO PC, before any funds are paid out to BRADLEY C STARK. A notice of payment to the arbitrator shall be submitted to the Court upon being tendered.

9.11 All actual or potential claims or counterclaims, or any other pleading in this matter, or not, and regardless of whether known or unknown, are merged in the JUDGMENT agreed to by the Parties and extinguished by that JUDGMENT.

10. **SIGNATURES**

IN WITNESS WHEREOF, the Parties hereto have hereunto set their hands and executed this Stipulation and Settlement Agreement at Washington, District of Columbia, on the day and year shown below.

Witness:                                **BRADLEY C. STARK**

_Charles Ewell Heath_    _[signature]_           Date: 22 May 2015

                                        **SHAWN M. RIDEOUT**

_Charles Ewell Heath_    _Shawn M. Rideout_       Date: 22 May 2015


                                        **UNITED STATES OF AMERICA**
                                        **LORETTA LYNCH**
                                        **UNITED STATES ATTORNEY GENERAL**

_[signature]_            By: _[signature]_  PoA for Art. 1.3.9.   Date: 22 May 2015
                         Authorized Agent/Designee

# EXHIBIT A

EXEMPTION LIST

The following list of individuals are third party beneficiaries exempted from the limitations and waiver provisions under Articles 2.3 and 7.12, and are entitled to all rights, obligations, benefits, and remedies as set forth in the Addendum:

## GROUP A

1. Jason Carl Thomas
2. Balldev Naidu Ragavan
3. Hendrick Ezell Tunstall
4. Katrina Glen Hawkins
5. Meagan Eleanor Kemp (nee Russell)
6. Charles Elliot Hill, II
7. William Scott Hames
8. John Scot Snuggs
9. Bryan Samuel Coffman
10. Joseph Anthony DiBruno, Jr.
11. Charles David Johnson, Jr.
12. Viola Cheney
13. Lulummba Clay Travis
14. Mike Tsalickis

## GROUP B

1. Jerry Garwood Mitchell
2. Shane Reed Wilson
3. William Michael Cain
4. Jason Wesley Tate

## GROUP C

1. JP Morgan Chase Bank
2. Morgan Stanley
3. Deutsche Bank
4. Royal Bank of Scotland
5. Union Bank of Switzerland ("UBS")
6. HSBC
7. Credit Suisse
8. Citigroup/Citibank
9. Bank of America
10. Barclays PLC
11. BNP Paribas
12. Goldman Sachs
13. Wells Fargo
14. British Petroleum ("BP")
15. Transocean
16. GlaxoSmithKline
17. VolksWagon



BRS:PoA
For USAG